IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN RAYMOND GAONA, <br> TDCJ No. 2067730, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| V. | § <br> § | No. 3:23-cv-2741-K-BN |
| DIRECTOR, TDCJ-CID, | § <br> § <br> § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Juan Raymond Gaona, a Texas prisoner, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking his 2016 Dallas County conviction for aggravated robbery, resulting in a sentence of 22 years of imprisonment. *See* Dkt. No. 3; *State v. Gaona*, F15-34927-K (Crim. Dist. Ct. No. 4, Dall. Cnty., Tex. May 12, 2016).

United States District Judge Ed Kinkeade referred Gaona's habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons set out below, the Court should dismiss this federal habeas challenge with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4").

### Legal Standards

Habeas Rule 4 allows a district court to summarily dismiss a habeas

application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" (citation omitted)).

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, these findings, conclusions, and recommendation provide Gaona fair notice, and the ability to file objections to them (further explained below) allows Gaona an opportunity to respond. *See, e.g., Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012)

(a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam)

(citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence … means that the person did not commit the crime." (cleaned up)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

The timeliness of most Section 2254 applications is determined under 28

U.S.C. § 2244(d)(1)(A) ("Subsection A"), based on the date on which the state criminal judgment became final. Such a judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Subsection A applies here. Gaona did not appeal his May 12, 2016 conviction. *See* Dkt. No. 3 at 3. This means that the conviction became final for federal-limitations purposes on the thirtieth day after it was imposed that was not a Saturday, Sunday, or legal holiday – which was Monday, June 13, 2016. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a).

Although Gaona later filed a state habeas petition, *see Ex parte Gaona*, WR-94,687 -01 (Tex. Crim. App.) (denied without written order on the findings of the trial court on May 10, 2023), Gaona did not file this petition "within the one-year period" that commenced on June 13, 2016, so "it did not statutorily toll the limitation clock," *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing, in turn, 28 U.S.C. § 2244(d)(2))); *see Ex parte Gaona*, W15-34927-K(A), docket (Crim. Dist. Ct. No. 4, Dall. Cnty., Tex.) (reflecting that the state habeas petition was filed no sooner than January 20, 2023, the date that it was signed).

And Gaona makes no other arguments in support of statutory or equitable tolling. *See, e.g.*, Dkt. No. 3 at 9. Nor does he allege evidence of factual innocence.

The Section 2254 petition should therefore be dismissed as time barred.

## Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Juan Raymond Gaona's 28 U.S.C. § 2254 habeas application with prejudice as time barred and deny his request for an evidentiary hearing as moot [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 15, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE